IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAIRSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1109-JDT/egb |
| | ) | |
| MICHAEL DONAHUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
(DOCKET ENTRY 7)
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE SERVICE OF PROCESS

Plaintiff James Hairston, prison registration number 528458, an inmate at the Hardeman County Correctional Facility ("HCCF"), in Whiteville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed in forma pauperis. The Court issued an order on May 20, 2014, granting leave to proceed in forma pauperis and assessing the filing fee. The Clerk shall record the defendants as HCCF Warden Michael Donahue, Assistant Warden of Operations Terrence Dickerson, Medical Administrator Alicia Cox, Librarian Darlene Matthews, Grievance Board Chairperson Kristie Howell, Correctional Program Manager Ben Benjamin, Sr., and Tennessee Department of Correction Commissioner Derrick Schofield.

On June 26, 2014, Plaintiff filed a motion for temporary restraining order and/or

preliminary injunction [DE# 7].

Plaintiff alleges that he entered the custody of the Tennessee Department of Correction ("TDOC") on February 11, 2014, and was sent to the Bledsoe County Correctional Complex ("BCCX") for intake processing. While at BCCX, a physician allegedly ordered a lactose free diet for Plaintiff because of his abdominal hernias. Plaintiff alleges that, when he was transferred to HCCF, staff did not honor the BCCX physician's orders for a lactose free diet. Plaintiff further alleges that the lack of a lactose free diet has aggravated his hernias and led to pain and suffering. According to Plaintiff, Defendants have not provided him with follow-up treatment for his hernias, which has led to worsening of the hernias. He contends that he has exhausted his administrative remedies through the grievance process. Plaintiff alleges that Defendants's actions constitute deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

Plaintiff also alleges that he has not been provided with enough paper, pens, and envelopes to respond timely to motions that have been filed in other lawsuits that he has brought and that the inadequate supply has hindered his access to the courts.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)　is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)　seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted,

> [t]he court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. . . . Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. . . . Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. . . . To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.

League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted; emphasis in original); see also Minadeo v. ICI Paints, 398 F.3d 751, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); Savage v. Hatcher, 109 F. App'x 759, 761 (6th Cir. 2004); Coker v. Summit County Sheriff's Dep't, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of pro se complaint when plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); Foundation for Interior Design Educ. Research v. Savannah College of Art & Design, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted); Mitchell v. Community Care Fellowship, 8 F. App'x 512, 513 (6th Cir. 2001); Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 406 (6th Cir. 1998); Scheid v. Fanny Farmer Candy Shops, Inc.,

859 F.2d 434, 436 (6th Cir. 1988) ("[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Defendants Commissioner Schofield, Warden Donahue, and Assistant Warden Dickerson are apparently sued in their supervisory roles. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Ashcroft v. Iqbal, 556 U.S. at 676; *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." Iqbal, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Bellamy, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. Grinter v. Knight, 532 F.3d 567, 575-76 (6th Cir. 2008); Gregory v. City of Louisville, 444 F.3d 725, 751 (6th Cir. 2006); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby Cnty. Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir.

4

1996). The complaint does not allege that Defendants, through their own actions, violated Plaintiff's rights.

The Court therefore DISMISSES the claims against Defendants Schofield, Donahue, and Dickerson for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). The Clerk is directed to terminate those parties as defendants.

Plaintiff purports to bring a denial of access to courts claim against Defendant Matthews, who is the HCCF librarian, in her official capacity. He claims that the supply of paper, pens, and envelopes that he is given each month is inadequate to litigate his various lawsuits.

It is well established that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). The Bounds Court noted that, in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." Id. at 824–25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's accessibility to the courts. See Knop v. Johnson, 977 F.2d 996, 1009 (6th Cir.1992).

However, an indigent prisoner's constitutional right to legal resources and materials is not without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); Talley–Bey v. Knebl, 168 F.3d 884, 886 (6th Cir.1999); Knop, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the lack of legal

materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. Lewis, 518 U.S. at 351–53; see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996).

Plaintiff acknowledges that he is receiving some material for writing and for sending his documents to the court. He does not allege that the lack of additional materials has hindered his efforts to pursue a nonfrivolous legal claim. Consequently, he does not state an access-to-courts claim. Moreover, Plaintiff's claims against Defendant Matthews concern her supervisory role over the library, and, as noted above, supervisory claims do not fall within the purview of § 1983.

The Court therefore DISMISSES the denial of access to court claim and the claims against Defendant Matthews for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk is directed to terminate her as a defendant.

Plaintiff has also filed a motion for a temporary restraining order and/or preliminary injunction. In effect, the motion is one for judgment on the pleadings and is premature. The motion is DENIED without prejudice to refiling after Defendants have been served with process.

It is ORDERED that the Clerk shall issue process for **Defendants Cox, Howell, and Benjamin** and deliver said process to the marshal for service. Service shall be made on the individual defendants either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(e)(2) if mail service is not effective. All costs of

service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorneys for the defendants, or on any defendant if he or she has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE