IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAIRSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1109-JDT/egb |
| | ) | |
| MICHAEL DONAHUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO DISMISS
OF DEFENDANT KRISTIE HOWELL

Plaintiff James Hairston, an inmate at the Hardeman County Correctional Facility ("HCCF") filed a pro se complaint pursuant to 42 U.S.C. § 1983. Defendant Kristie Howell, HCCF's grievance board chairperson, has filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE# 39]. Plaintiff has not responded to the motion. For the reasons set forth below, Defendant's motion is GRANTED, and she is DISMISSED from this action.

The Supreme Court clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion to dismiss in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Twombly Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations and quotation

marks omitted). Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Id. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. Id. at 556. Indeed, "a wellpleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Id. However, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In the present case, Plaintiff alleges that, in response to his grievance about the denial of his dietary needs and medical care, Defendant Howell did not conduct a proper investigation. The role of Defendant Howell as grievance board chairperson in investigating, processing, or denying Plaintiff's grievance cannot in itself constitute sufficient personal involvement to state a claim of constitutional dimension. See Simpson v. Overton, 79 Fed. App'x 117, 2003 WL 22435653 (6th Cir.2003); see also Martin v. Harvey, 14 Fed. App'x 307, 2001 WL 669983, at *2 (6th Cir.2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Section 1983 liability may not be imposed against a defendant for "a mere failure to act" based on information contained in the grievance. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727–28 (6th Cir. 1996).

Accordingly, Plaintiff has failed to state a claim against Defendant Kristie Howell. Defendant's motion to dismiss is GRANTED, and she is hereby DISMISSED as a defendant

in this action.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE